# UNITED STATES DISTRICT COURT
for the
Eastern District of Tennessee

**FILED**
APR 0 5 2021
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )   Case No. 1:21-mj-54
THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER )
423-260-0703 WITH INTERNATIONAL MOBILE SUBSCRIBER )   FILED UNDER SEAL
IDENTITY 311480608729492 (Target Telephone 8) )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841/846 | Conspiracy to Distribute and Possession with Intent to Distribute Controlled Substances |

The application is based on these facts:
See affidavit in support of search warrant. To ensure technical compliance with 18 U.S.C. §§ 3121-3127, the warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation conducted by DEA. See 18 U.S.C. §§ 3122(b), 3123(b).

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of __90__ days (give exact ending date if more than 30 days: __08/03/2021__ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Kevin T. Brown, Special Assistant US Attorney
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 5, 2021

_____
*Judge's signature*

City and state: Chattanooga, Tennessee    Hon. Christopher H. Steger, US Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: ) | FILED UNDER SEAL |
| ) | |
| THE CELLULAR TELEPHONE ) | |
| ASSIGNED CALL NUMBER 423-260-0703 ) | Case No. 1:21-mj-54 |
| WITH INTERNATIONAL MOBILE SUBSCRIBER ) | |
| IDENTITY 311480608729492 (Target Telephone 8) ) | |

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephones assigned call number 1-423-260-0703 with International Mobile Subscriber Identity 311480608729492 with listed subscriber as TRACFONE Wireless, utilized **by Bruce Wayne SUTTON** ("**Target Telephone 8/TT8**"), whose service provider is Verizon Wireless, a wireless telephone service provider whose legal compliance center is headquartered at 180 Washington Valley Road, Bedminster, NJ, 07921.

2. Records and information associated with the **Target Telephone 8/TT8 t**hat are within the possession, custody, or control of Verizon Wireless: including information about the location of the cellular telephones if they are subsequently assigned a different call number.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF: ) | FILED UNDER SEAL |
| ) | |
| THE CELLULAR TELEPHONE ) | |
| ASSIGNED CALL NUMBER 423-260-0703 ) | Case No. 1:21-mj-54 |
| WITH INTERNATIONAL MOBILE SUBSCRIBER ) | |
| IDENTITY 311480608729492 (Target Telephone 8) ) | |

## ATTACHMENT B

### Particular Things to be Seized

I.   **Information to be Disclosed by the Provider**

All information about the location of the **Target Telephone 8/TT8** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Cell Phone 8/TT8**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon Wireless. Verizon Wireless is required to disclose the Location Information to the government. In addition, Verizon Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon Wireless's services, including by initiating a signal to determine the location of the **Target Telephone 8/TT8** on Verizon Wireless's network or with such other

reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon Wireless's for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II. **Information to Be Seized by the Government**

**IF LOCATION INFORMATION IS EVIDENCE OF A CRIME:**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) involving **Bruce Wayne SUTTON** or unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

IN THE MATTER OF THE SEARCH OF: )  FILED UNDER SEAL
)
THE CELLULAR TELEPHONE )
ASSIGNED CALL NUMBER 423-260-0703 )  Case No. 1:21-mj-54
WITH INTERNATIONAL MOBILE SUBSCRIBER )
IDENTITY 311480608729492 (Target Telephone 8) )

### AN APPLICATION FOR A SEARCH WARRANT

I, Andrew Bergren, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.  I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 1-423-260-0703 with International Mobile Subscriber Identity 311480608729492 with listed subscriber as TRACFONE Wireless, utilized by Bruce Wayne SUTTON ("**Target Telephone 8/TT8**"), whose service provider is Verizon Wireless, a wireless telephone service provider whose legal compliance center is headquartered at 180 Washington Valley Road, Bedminster, NJ, 07921. **Target Telephone 8** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.  Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Special Agent with the Drug Enforcement Administration (DEA), United States Department of Justice, and have been since 1997. As such, I am an investigator or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and empowered by law to conduct investigations of, among other things, offenses enumerated in Title 18, United States Code, Section 2516. I have been employed as a Special Agent with DEA for the past 23 years. In connection with my official DEA duties, I investigate criminal violations of the federal narcotics laws, including but not limited to, Title 21, United States Code, Sections 841, 843, 846, and 848. I have received specialized training in the enforcement of laws concerning the activities of narcotics traffickers including four months of DEA basic training in Quantico, Virginia as well as periodic refresher training offered by the DEA. I am currently assigned to the Chattanooga Resident Office.

4. During my experiences and tenure as a narcotics investigator, I have investigated and participated in investigations of organized criminal groups violating federal drug trafficking laws. As part of my official duties, I have utilized and been involved with most traditional law enforcement techniques, including: visual surveillance, witness interviews, execution of search warrants, the use of cooperating witnesses, seizure of drug evidence, controlled purchases of drug evidence, court-authorized pen registers, court-authorized interceptions of wire communications, and undercover techniques. I have debriefed numerous cooperating defendants and confidential informants regarding the habits, practices, methods, and general behavior of criminal groups engaged in organized criminal activity. I have personally participated in Title III wire intercept investigations, including investigations involving large-scale drug trafficking organizations and drug traffickers. I have received specialized training in conducting drug investigations and have attended training and lectures featuring government attorneys and law enforcement officials.

5. Over the course of my career, I have participated in numerous arrests of known drug traffickers and their associates. This experience has afforded me an opportunity to observe and investigate methods, schemes, and operations used by organized groups, including the use of cellular telephones, social media accounts, and digital display paging devices, and the use of numerical codes and code words to conduct the transactions. In addition, I have participated in investigations concerning the concealment of proceeds of controlled substances, including assets, monies, and bank records, and the identification of co-conspirators through the use of drug ledgers, telephone toll records, telephone bills, photographs, social media accounts, and financial records. These investigations have resulted in the arrests of individuals who have smuggled, received, and/or distributed controlled substances, including methamphetamine, cocaine hydrochloride, cocaine base, heroin, and marijuana, as well as the seizure of controlled substances and proceeds of the sale of controlled substances. I know based upon my training and experience that narcotics traffickers and money laundering organizations routinely use several operational techniques. These practices are designed and implemented to achieve two paramount goals: first, the successful facilitation of the organization's illegal activities that consist of the transportation and distribution of controlled substances and subsequent collection of the proceeds of that illegal activity; and second, minimizing the exposure of organization members, particularly those operating in management roles, from investigation and prosecution by law enforcement.

6. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

7. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) have been committed, are being committed, and will be committed by Bruce Wayne SUTTON. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations and will lead to the identification of individuals who are engaged in the commission of these offenses.

8. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

9. The United States, including the Drug Enforcement Administration, is conducting a criminal investigation of Bruce SUTTON, Crystal GENSEMER, Vincent Curtis LEE, Reggie HELTON, and others regarding possible violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b).

*Controlled Purchase, Stop, and Arrest of SUTTON*

10. Between June 11 and August 7, 2020, the HCSO utilized a HCSO Confidential Source to make four separate controlled purchases of methamphetamine from Bruce SUTTON. The controlled purchases ranged from approximately 3.5 grams of suspected methamphetamine to approximately 55 grams of suspected methamphetamine for $1,100.00.

11. During two of these purchases of methamphetamine, the CS contacted Bruce SUTTON via telephone number 1-4236821664 (Target Telephone #1/TT1) and 1-4236376081

(Target Telephone #2/TT2) and the controlled purchases were brokered by Hollie NELSON, who was utilizing telephone number 1-4236619042 (Target Telephone #4/TT4).

12. The investigation into SUTTON revealed that he traveled to the Atlanta, Georgia area to obtain methamphetamine for distribution in the Eastern District of Tennessee. On August 21, 2020, U.S. Magistrate Judge Susan Lee signed a search warrant for geolocation for telephone number Target Telephone 2, utilized by Bruce SUTTON.

13. On August 28, 2020, utilizing the geolocation information obtained via the warrant and physical surveillance, members of DEA and HCSO conducted surveillance of Bruce SUTTON. Surveillance witnessed Bruce SUTTON and Hollie NELSON, travel to the Atlanta Area in white Range Rover SUV. HCSO deputies conducted a traffic stop when SUTTON and NELSON returned to Hamilton County, Tennessee. This stop resulted in the seizure of approximately three kilograms of suspected methamphetamine, approximately 20.6 grams of suspected heroin, approximately 102 dosage units of suspected Xanax, suspected Ecstasy, and approximately 1.7 grams of suspected marijuana.

*Interview of NELSON*

14. Following the stop, DEA TFO Johnson and HCSO Detective Larry Posey conducted an interview of Hollie NELSON. During this interview, NELSON stated that this was the first time she had traveled to Atlanta with SUTTON. NELSON then stated that she had seen SUTTON with what she described as a fifty sack (half gram) or an eight ball (3.5 grams), but nothing to the extent of what was located during the traffic stop. NELSON provided that the biggest she thought SUTTON was doing was a "zip" (one ounce) at a time. NESLON then provided that she was shocked about the heroin located and didn't know that SUTTON messed with heroin.

15. NELSON then provided the source was a white male who she described as "Gay." NELSON further described "Gay" as having eye lashes, painted finger nails, and a small goatee. NELSON provided that the source has brown hair and is skinny, and goes by "A.J., AJAX, or A.J. Hays." NELSON then provided that if SUTTON knew NELSON told this information to officers, SUTTON would kill her.

***Interview of Cooperating Defendant and Controlled Call to SUTTON on Target Telephone 8***

16. In March of 2021, you affiant and TFO Johnson interviewed a Cooperating Defendant ("CD") in relation to methamphetamine trafficking in Chattanooga, Tennessee. The CD advised that he/she had previously sold ½ kilogram quantities of methamphetamine to SUTTON. The CD advised the he/she believed SUTTON had another source of methamphetamine because SUTTON stopped purchased methamphetamine from him/her, but he/she knew SUTTON was still distributing methamphetamine. The CD advised he/she could purchase methamphetamine from SUTTON. The CD advised that SUTTON's current telephone number was **423-206-0703 (TT8)**. At the direction of TFO Johnson, the CD contacted SUTTON at telephone number **423-206-0703 (TT8)** to arrange the purchase of methamphetamine. During the call, the CD asked whether SUTTON had any "work." SUTTON replied that they could talk about future dealings.

17. Based on your affiant's training, experience, and knowledge of this investigation, your affiant knows the discussion of "work" to be dealings in narcotics in this occasion. After the controlled call, the CD confirmed that the discussion of "work" was code utilized to discuss the transaction of narcotics between the CD and SUTTON.

18. Based on your Affiants training, experience, and knowledge of this investigation, your Affiant believes SUTTON to be using **TT8** to continue his Drug Trafficking Organization.

Your Affiant knows through experience and knowledge of this investigation that those involved in criminal activity have personal phones and phones commonly used for their criminal enterprise.

### Verification of Bruce Wayne SUTTON as User of Telephone

19. During recorded communication from the controlled call made by the CD, the CD identified the user of telephone number 1-423-260-0703 **(Target Cell Phone 8/TT8)**, as Bruce Wayne SUTTON.

20. Your Affiant believes that based upon the aforementioned probable cause, that **Bruce Wayne SUTTON** is using **Target Telephone 8/TT8** to facilitate his drug trafficking activities and in the furtherance of this drug conspiracy. I believe that obtaining the requested geo-location of **Target Telephone 8/TT8** through Verizon Wireless will allow investigators to locate the subject(s) utilizing the **Target Telephone 8/TT8** without jeopardizing the investigation and therefore investigators will more likely be successful in obtaining the necessary evidence to further their investigation. I further believe that the requested search warrant will enable investigators to more effectively collect evidence of the crimes being committed by the targeted organization, identify locations utilized by the organization to facilitate their criminal activities, identify co-conspirators and their locations.

21. In my training and experience, I have learned that Verizon Wireless is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology

built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. [Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

22. Based on my training and experience, I know that Verizon Wireless can collect E-911 Phase II data about the location of the Target Cell Phones, including by initiating a signal to determine the location of the Target Cell Phones on Verizon Wireless network or with such other reference points as may be reasonably available.

23. Based on my training and experience, I know that Verizon Wireless can collect cell-site data about the Target Cell Phones. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Verizon Wireless typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

24. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

25. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 90 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phones would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

26. I further request that the Court direct Verizon Wireless to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon Wireless. I also request that the Court direct Verizon Wireless to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon Wireless services, including by initiating a signal to determine the location of the Target Cell Phones on Verizon Wireless network or with such other reference points

Page 9 of 10
Case 1:21-mj-00054-CHS   Document 4   Filed 04/05/21   Page 13 of 17   PageID #: 17

as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon Wireless for reasonable expenses incurred in furnishing such facilities or assistance.

27. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phones outside of daytime hours.

28. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Additionally, this Affidavit contains statements of co-conspirators in the investigation which, if revealed at this time, may jeopardize the safety of said individuals or result in witness tampering or intimidation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

_____
Andrew Bergren
~~Task Force Officer~~ Special Agent
Drug Enforcement Administration

Subscribed and sworn to before me on _____April 5_____, 2021

_____
HONORABLE CHRISTOPHER H. STEGER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF:<br><br>THE CELLULAR TELEPHONE<br>ASSIGNED CALL NUMBER 423-260-0703<br>WITH INTERNATIONAL MOBILE SUBSCRIBER<br>IDENTITY 311480608729492 (Target Telephone 8) | FILED UNDER SEAL<br><br>Case No. 1:21-mj-54 |

## ATTACHMENT A

### Property to Be Searched

1. The cellular telephones assigned call number 1-423-260-0703 with International Mobile Subscriber Identity 311480608729492 with listed subscriber as TRACFONE Wireless, utilized by **Bruce Wayne SUTTON** ("**Target Telephone 8/TT8**"), whose service provider is Verizon Wireless, a wireless telephone service provider whose legal compliance center is headquartered at 180 Washington Valley Road, Bedminster, NJ, 07921.

2. Records and information associated with the **Target Telephone 8/TT8** that are within the possession, custody, or control of Verizon Wireless: including information about the location of the cellular telephones if they are subsequently assigned a different call number.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| IN THE MATTER OF THE SEARCH OF: | ) | FILED UNDER SEAL |
| | ) | |
| THE CELLULAR TELEPHONE | ) | |
| ASSIGNED CALL NUMBER 423-260-0703 | ) | Case No. 1:21-mj-54 |
| WITH INTERNATIONAL MOBILE SUBSCRIBER | ) | |
| IDENTITY 311480608729492 (Target Telephone 8) | ) | |

## ATTACHMENT B

### Particular Things to be Seized

I.  **Information to be Disclosed by the Provider**

All information about the location of the **Target Telephone 8/TT8** described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the **Target Cell Phone 8/TT8**" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephones described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon Wireless. Verizon Wireless is required to disclose the Location Information to the government. In addition, Verizon Wireless must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon Wireless's services, including by initiating a signal to determine the location of the **Target Telephone 8/TT8** on Verizon Wireless's network or with such other

reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Verizon Wireless's for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

### II. Information to Be Seized by the Government

**IF LOCATION INFORMATION IS EVIDENCE OF A CRIME:**

All information described above in Section I that constitutes evidence of violations of Title 21, United States Code, Sections 841(a)(1), 846, and 843(b) involving **Bruce Wayne SUTTON** or unidentified subject(s).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.